ASOCIACIÓN MIEMBROS DE LA POLICÍA DE PUERTO RICO, demandantes y recurridos, *v.* ISMAEL BETANCOURT LEBRÓN, SUPERINTENDENTE DE LA POLICÍA DE PUERTO RICO, demandado y recurrente.

*Número:* RE-93-101          *Resuelto:* 3 de junio de 1994

*Reina Colón de Rodríguez, Carlos Lugo Fiol, Procuradores Generales Interinos, Sylvia Cancio Bigas, Procuradora General Auxiliar*, abogados de El Pueblo, demandado y recurrente; *Neftalí Fuster González*, abogado de los demandantes y recurridos.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

La Sec. 3.13(g) de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2163(g), dispone que todo caso sometido a un

procedimiento adjudicativo ante una agencia deberá ser resuelto dentro de un término de seis (6) meses desde su presentación, salvo circunstancias excepcionales. Resolvemos que esta sección no aplica a los *procedimientos investigativos* que efectúe el Superintendente de la Policía de Puerto Rico con el fin de determinar si un policía ha incurrido en una falta que pudiera conllevar una sanción de suspensión de empleo y sueldo, destitución, expulsión o degradación.

I

El 24 de junio de 1992 la Asociación de Miembros de la Policía de Puerto Rico, Inc. (en adelante Asociación) y los Srs. Juan Martínez Vázquez, Emilio Ramos Bracetti, Andrés Ramos Picart, Hernán Vidal Reyes y Héctor L. Ortiz Rivera incoaron una demanda sobre sentencia declaratoria ante el Tribunal Superior, Sala de San Juan, contra el Superintendente de la Policía, Sr. Ismael Betancourt Lebrón. Según lo alegado en la demanda, el policía Martínez Vázquez estaba siendo objeto de una investigación disciplinaria por hechos ocurridos anteriores a 1990. En cuanto a los señores Ramos Bracetti y Ramos Picart, se alegó que estos miembros de la Policía estaban siendo sometidos a un proceso de formulación de cargos por hechos ocurridos el 27 de enero de 1991. En lo que respecta al señor Vidal Reyes, se adujo que a este policía se le impuso una sanción el 13 de abril de 1991 por unos sucesos ocurridos el 9 de septiembre de 1990. Finalmente, de acuerdo con la demanda, el policía Ortiz Rivera fue expulsado del cuerpo de la Policía el 11 de octubre de 1991 a raíz de unos hechos ocurridos en marzo de 1988.

En el recurso de sentencia declaratoria, los demandantes señalaron *que la investigación* que lleva a cabo el Superintendente de la Policía para determinar si uno de sus miembros ha incurrido en una falta que amerite la impo-

sición de una sanción constituye *un procedimiento adjudicativo* regido por la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2101 *et seq.*) Por ello, los demandantes invocaron la aplicación de la Sec. 3.13(g) de la referida legislación que dispone que todo caso sometido a un procedimiento adjudicativo deberá ser resuelto dentro del término de seis (6) meses desde su presentación.

Arguyeron que en virtud de esta sección el Superintendente de la Policía está obligado a resolver los casos que imputen la comisión de una falta dentro de dicho término. Es por ello que solicitaron la anulación de todo procedimiento disciplinario efectuado luego de haber expirado el término de seis (6) meses.

Particularmente, los demandantes solicitaron la anulación de los *procedimientos investigativos* que aún continuaban contra los policías Martínez Vázquez, Ramos Bracetti y Ramos Picart; señalaron que en cada uno de estos tres (3) casos ya había transcurrido el término de seis (6) meses, el cual, según los demandados, se computa a partir del momento en que ocurrieron los hechos que dieron base a las investigaciones. Igualmente, alegaron que las sanciones impuestas a los policías Ortiz Rivera y Vidal Reyes se tomaron luego de haber expirado el término referido, y es por esta razón que requirieron la anulación de estas sanciones.

El 19 de octubre de 1992 los demandantes, en vista de que los demandados no habían contestado la demanda, solicitaron que se dictara sentencia sumaria a su favor. Incluyeron con dicha moción dos (2) resoluciones emitidas por la Comisión de Investigación, Procesamiento y Apelación (C.I.P.A.), que concluyen que el término de seis (6) meses dispuesto en la Sec. 3.13(g), *supra*, aplica a las investigaciones disciplinarias que efectúa el Superintendente de la Policía. Según estas dos (2) resoluciones, el Superintendente de la Policía debe resolver los casos sobre

conducta impropia dentro de un término de seis (6) meses, contados a partir de la *presentación* de las querellas.([1])

En ese mismo día, el 19 de octubre de 1992, el demandado presentó una moción de desestimación. En primer lugar, señaló que el procedimiento investigativo en el cual se encontraban los casos de los policías Martínez Vázquez, Ramos Bracetti y Ramos Picart, y que se efectúa antes de la formulación de los cargos, no es un procedimiento adjudicativo, puesto que durante esta etapa no existe una controversia entre las partes. Según el demandado, una controversia sólo puede surgir luego de haberse formulado los cargos. Concluyó que durante la etapa investigativa que se inicia con la presentación de una querella y que puede culminar en la formulación de cargos no aplica el término de seis (6) meses. Como resultado de ello solicitó la desestimación de la demanda en cuanto a estos tres (3) policías, quienes no habían sido objeto de una formulación de cargos. En segundo lugar, el demandado sostuvo que el tribunal no tenía jurisdicción para resolver la solicitud de sentencia declaratoria en cuanto a los policías Ortiz Rivera y Vidal Reyes, puesto que éstos pretendían —mediante esta acción— atacar colateralmente las sanciones que le fueron impuestas en 1991. El demandado señaló que estos policías, conscientes de su derecho, no recurrieron en apelación ante la C.I.P.A. o ante la Junta de Apelación del Sistema de Administración de Personal (J.A.S.A.P.) para cuestionar las sanciones impuestas, por lo que procedía la desestimación de la demanda por éstos no haber agotado los remedios administrativos que tenían disponibles.

Trabada así la controversia, el 21 de enero de 1993 el Tribunal Superior, Sala de San Juan (Hon. Wilfredo Alicea

([1]) Una de las resoluciones de la Comisión de Investigación, Procesamiento y Apelación (C.I.P.A.) incluidas en el expediente del caso de autos revela que en un procedimiento seguido contra el policía Martínez Vázquez, aquí demandante recurrido, este organismo apelativo concluyó que el término de seis (6) meses dispuesto en la Sec. 3.13(g) de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2163(g), aplica a los procedimientos investigativos.

López, Juez) dictó sentencia en la cual desestimó el recurso de sentencia declaratoria por falta de jurisdicción en cuanto a los demandantes Ortiz Rivera y Vidal Reyes. Concluyó que estos dos (2) policías no agotaron los remedios administrativos de carácter apelativo que la ley les proveía. En lo que respecta a los demandantes Martínez Vázquez, Ramos Bracetti y Ramos Picart, el foro sentenciador ordenó al Superintendente de la Policía que concluyera, en un término de seis (6) meses, las investigaciones disciplinarias que había iniciado contra estos tres (3) policías. En la decisión emitida, el tribunal determinó que los procesos investigativos que efectúa el Superintendente de la Policía con el fin de determinar si procede la imposición de sanciones contra un miembro de la fuerza, constituyen procedimientos adjudicativos regulados por la Ley Núm. 170, *supra*. Concluyó que, a tenor con la Sec. 3.13(g) de la referida ley, *supra*, estas investigaciones debían ser resueltas dentro de un término de seis (6) meses. En su dictamen, el tribunal señaló que en estas investigaciones necesariamente hay que formular unas determinaciones de hecho las cuales han de ser evaluadas a la luz de la ley y de los reglamentos aplicables para luego decidir si procede la imposición de una sanción. Según el tribunal, estas investigaciones no son más que procedimientos adjudicativos.

Inconforme, el Superintendente de la Policía, representado por el Procurador General del Estado Libre Asociado, acudió en revisión ante nos imputándole al foro sentenciador la alegada comisión de un solo error, a saber:

> El Honorable Tribunal Superior erró al determinar que el término de seis (6) meses dispuesto en la sección 3.13(g) de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. Sec. 2163(g)[,] aplica a las investigaciones administrativas conducidas por la Policía de Puerto Rico relativas a la conducta de los miembros de dicho cuerpo. Solicitud de revisión, pág. 5.

Expedimos el recurso y, con el beneficio de la comparecencia de las partes, resolvemos.

## II

■ En 1974 la Asamblea Legislativa, mediante la Ley Núm. 26 de 22 agosto de 1974, conocida como Ley de la Policía de Puerto Rico, 25 L.P.R.A. sec. 1001 *et seq.*, creó un organismo civil de orden público denominado "Policía de Puerto Rico". En dicha legislación, la Asamblea Legislativa delegó en la persona del Superintendente de la Policía la facultad para determinar por reglamento la conducta que deben observar los miembros de la Policía. 25 L.P.R.A. sec. 1007.([2]) Según lo dispuesto en el Art. 12 de la Ley Núm. 26, *supra*, 25 L.P.R.A. sec. 1012, el reglamento determinará las faltas graves y leves que conlleven una acción disciplinaria y prescribirá la acción que corresponda con arreglo a lo perceptuado en esta ley.([3])

■ El Art. 14 de la Ley Núm. 26, *supra*, 25 L.P.R.A. sec. 1014, regula el trámite que debe efectuarse cuando se imputa la comisión de una falta grave. Este artículo dispone lo siguiente:

(a) *El expediente de investigación* de todo cargo grave incluirá un informe completo en torno a las imputaciones hechas contra el miembro o miembros de la Fuerza querellados. *El trámite de investigación* y envío del expediente se hará sin de-

---

([2]) El Art. 7 de la Ley Núm. 26 de 22 de agosto de 1974, según enmendado, dispone lo siguiente en su parte pertinente:

"El Superintendente queda facultado para determinar por reglamento la organización y administración de la Policía, de los voluntarios y de los Consejos de Seguridad Vecinal, las obligaciones, responsabilidad y conducta de sus miembros, de los voluntarios y de los integrantes de los Consejos de Seguridad Vecinal y cualquier otro asunto necesario para el funcionamiento del Cuerpo." 25 L.P.R.A. sec. 1007.

([3]) El Art. 12 de la Ley Núm. 26, *supra*, dispone de la manera siguiente:

"(a) El Reglamento determinará las faltas de los miembros de la Fuerza que conllevaren acción disciplinaria. Dichas faltas estarán clasificadas en graves o leves. El Reglamento prescribirá la acción correspondiente con arreglo a lo preceptuado en este Capítulo." 25 L.P.R.A. sec. 1012.

mora innecesaria. El Reglamento determinará los oficiales que intervendrán *en el expediente de investigación.*

(b) El Superintendente, *luego de examinar y analizar el expediente y de dar al querellado la oportunidad de ser oído,* resolverá el caso, absolviendo al querellado o imponiendo el castigo que estime razonable, según lo dispone el inciso (d) de esta sección. Si se declara culpable el miembro o miembros de la Fuerza concernidos, el Superintendente entregará copia al querellado del documento contentivo de su decisión, lo que se comprobará por medio de la firma de éste e indicando la fecha y hora de la notificación. El procedimiento para estos casos se determinará mediante Reglamento.

(c) *Los cargos* por faltas graves serán formulados por escrito y firmados por el Superintendente.

(d) El castigo a imponerse por faltas graves podrá ser uno de los siguientes: expulsión permanente del Cuerpo, degradación o suspensión del Cuerpo, sin sueldo, por un período no mayor de cinco (5) meses.

(e) El Superintendente tendrá facultad para suspender temporalmente, de empleo y sueldo, a cualquier miembro de la Fuerza mientras se practica cualquier investigación que se ordenare relativa a incompetencia, mala conducta o crimen de que se acuse a dicho miembro de la Fuerza. En tal caso, el Superintendente hará que se formulen los correspondientes cargos, sin demora innecesaria. Investigará y resolverá tales casos a la mayor brevedad posible, imponiendo el castigo que estime razonable dentro de los límites de ésta o disponiendo que vuelva al servicio dicha persona con devolución de los sueldos devengados o sin ellos, durante el período de la suspensión, si a su juicio los hechos lo justificaren.

(f) Cuando un miembro de la Fuerza estuviere suspendido de empleo y sueldo, por cualquier concepto, estará inhabilitado para ejercer sus funciones como tal. Tampoco disfrutará de los derechos y privilegios que por ley se conceden a miembros de la Policía mientras dure dicha suspensión.

(g) En todo caso donde se impongan sanciones que conlleven la suspensión de empleo y sueldo, el Superintendente, a petición del querellado, podrá conmutar dicha sanción por servicios adicionales al Cuerpo equivalente al monto de tiempo que dure la suspensión.

(h) Todo miembro de la Fuerza contra quien se haya dictado *una decisión adversa* por el Superintendente, *podrá apelar el caso ante la Comisión de Investigación, Procesamiento y Apelación,* creada mediante las secs. 171 a 185 del Título 1, ante *la cual tendrá derecho a vista conforme a los términos de dichas secciones.* La apelación deberá radicarse dentro de los 15 días

de recibir la notificación de castigo. (Énfasis suplido.) 25 L.P.R.A. sec. 1014.

■ En el ejercicio del poder que le delegara la Asamblea Legislativa, el Superintendente de la Policía adoptó en 1981 un nuevo Reglamento de Personal que regula, entre otras cosas, las acciones disciplinarias que imputan la comisión de faltas leves y graves. Específicamente, la Sec. 14.3(2)(b)(1)(a) del Reglamento de Personal de la Policía de Puerto Rico de 1981, págs. 96–98, que establece los procedimientos que deben celebrarse en la tramitación de estos casos dispone lo siguiente:

> b.   Procedimiento sobre Acciones Disciplinarias para Miembros de la Policía de Puerto Rico.
> (1) En todo caso que surja la posibilidad de aplicación de medidas disciplinarias por violación *a cualquier falta cuya sanción pudiera resultar en la suspensión de empleo y sueldo, destitución o expulsión o degradación, se adoptará el siguiente procedimiento*:
> (a) El Superintendente *iniciará una investigación administrativa* dentro de los diez (10) días laborables desde que tuvo conocimiento oficial de los hechos o de la radicación de una querella. Luego de esto hará una determinación de si procede tomar alguna medida disciplinaria. De proceder tal medida disciplinaria, *formulará cargos por escrito* al miembro de la Fuerza y se le notificará advirtiéndole de su derecho a solicitar una vista administrativa informal ante un oficial examinador dentro del término de quince (15) días laborables contados a partir de la fecha del recibo de la notificación de la formulación de cargos. En la vista el miembro de la Fuerza afectado tendrá derecho a presentar la prueba que estime necesaria y podrá comparecer personalmente o a través de un abogado. El Superintendente mediante directriz al efecto adoptará el procedimiento a seguirse para la solicitud de la vista. Se entenderá que los gastos en que incurra para la presentación de su defensa serán sufragados por el querellado. La fecha de la vista administrativa, se notificará al querellado con no menos de cinco (5) días de antelación a la celebración de la misma. En la notificación, se le informará la fecha, hora y lugar en que se llevará a efecto la vista. Luego de la vista, o transcurrido el término de quince (15) días sin que el miembro de la Fuerza haya solicitado la misma, el Superintendente tomará la decisión que estime conveniente. Si la decisión fuera destituir o

expulsar, degradar, suspenderlo de empleo y sueldo, amonestación o reprimenda, se le advertirá al miembro de la Fuerza de su derecho de apelación ante la Comisión de Investigación, Procesamiento y Apelación dentro de un término de quince (15) días o ante la Junta dentro de un término de treinta (30) días, según sea el caso. (Énfasis suplido.)

## III

De las siguientes disposiciones legales surge con meridiana claridad que el proceso de acción disciplinaria contra un policía consiste de seis (6) etapas: la investigativa, la formulación de cargos, la celebración de vista, la decisión del Superintendente de la Policía, la etapa apelativa ante la C.I.P.A. y, luego, la revisión judicial del dictamen emitido por la C.I.P.A.

■ En virtud del citado inciso (a) del Art. 14 de la Ley Núm. 26, *supra*, el Superintendente de la Policía deberá levantar *un expediente investigativo en todo caso en que se impute la comisión de una falta grave*. Por su parte, el Reglamento de Personal de la Policía de Puerto Rico de 1981 dispone que el Superintendente deberá iniciar una investigación dentro de los diez (10) días laborables desde que tuvo conocimiento oficial de los hechos o de la radicación de la querella. Una vez finalizada la investigación, el Superintendente de la Policía determinará si procede la imposición de alguna medida disciplinaria y, si este es el caso, *deberá formularle por escrito los cargos al miembro de la Fuerza*. Luego se debe celebrar una vista administrativa y, de ser adversa la decisión del Superintendente, podrá apelar a la C.I.P.A. y luego ir en revisión a los tribunales.

Recientemente, en *Díaz Martínez v. Policía de P.R.*, 134 D.P.R. 144 (1993), establecimos que la toma de una declaración jurada al policía querellado, como parte de la investigación de la querella que realiza el Superintendente de la Policía, no constituye la vista informal que, a tenor con el

caso de *Torres Solano v. P.R.T.C.*, 127 D.P.R. 499 (1990), debe celebrar toda agencia antes de despedir a uno de sus empleados de carrera. En *Díaz Martínez v. Policía de P.R.*, supra, señalamos que durante la fase investigativa *aún no se han formulado los cargos*, por lo que el querellado desconoce el curso de acción que se propone seguir la Policía.[4]

Es precisamente con la investigación que la Policía determina si procede o no la formulación de los cargos. Durante el proceso investigativo aún no ha surgido una controversia que haya que adjudicar. *Ésta surge en el momento en que se formulan los cargos* y el policía se enfrenta a los mismos. Ante este hecho, y bajo los fundamentos expuestos, es patente que *no estamos ante un proceso de adjudicación.*

■ En virtud de esta determinación, *resolvemos* que es inaplicable a los procedimientos investigativos que se conducen, previo a la formulación de cargos, la Sec. 3.13(g) de la Ley de Procedimiento Administrativo Uniforme de del Estado Libre Asociado de Puerto Rico, *supra*, la cual ordena que todo caso sometido a un procedimiento adjudicativo ante una agencia deberá ser resuelto dentro de un período de seis (6) meses, desde su presentación, salvo en circunstancias excepcionales. Erró el tribunal sentenciador al concluir lo contrario.

Claro está, la propia Ley de la Policía de Puerto Rico de 1974 le impone al Superintendente de ese Cuerpo la obligación de actuar con premura. *Cf. Ortiz Ruiz v. Superintendente Policía*, 132 D.P.R. 432 (1993).[5] El citado inciso

---

[4] En *Díaz Martínez v. Policía de P.R.*, 134 D.P.R. 144 (1993), también nos expresamos sobre las suspensiones sumarias de empleados públicos.

[5] En *Ortiz Ruiz v. Superintendente Policía*, 132 D.P.R. 432 (1993), resolvimos que el Superintendente de la Policía no está obligado a concluir los procedimientos disciplinarios contra los miembros de la Fuerza dentro del término de ciento veinte *(120) días que dispone el Art. 2 de la Ley Orgánica de la C.I.P.A.*, 1 L.P.R.A. sec. 172. El referido término *aplica sólo a casos donde ha habido mal uso o abuso de autoridad* por parte de otros funcionarios del orden público, agentes de Rentas Internas u otros funcionarios de la Rama Ejecutiva autorizados para realizar arrestos. En estos casos,

(a) del Art. 14 de la Ley de la Policía de Puerto Rico de 1974 dispone que el trámite de investigación se hará sin demora innecesaria.

El error señalado fue cometido. *Se dictará sentencia en conformidad con lo aquí expuesto.*

El Juez Asociado Señor Negrón García disintió sin opinión escrita. El Juez Asociado Señor Rebollo López concurrió y disintió mediante opinión escrita.

— O —

Opinión concurrente y disidente emitida por el Juez Asociado Señor Rebollo López.

Aun cuando estamos *básicamente* de acuerdo con la norma que se establece en la opinión mayoritaria que en el día de hoy emite el Tribunal en el presente caso —esto es, que el término máximo de seis (6) meses, que establece la Sec. 3.13(g) de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2163(g), dentro del cual deberá ser resuelto todo procedimiento *adjudicativo* administrativo, *no* le debe ser aplicado a los procedimientos *investigativos* que lleva a cabo el Superintendente de la Policía de Puerto Rico en relación con querellas que se radican contra los miembros de la fuerza policiaca— *nos vemos imposibilitados de brindar nuestra conformidad a dicha Opinión mayoritaria.* Ello debido a las razones que, de manera muy breve, pasamos a exponer.

---

la autoridad facultada para sancionar deberá exonerar al funcionario público en cuestión o imponerle la medida disciplinaria que corresponda dentro del término de ciento veinte (120) días contados a partir de la formulación de la querella o de la ocurrencia de los hechos que pudieran dar base a tal querella porque, de lo contrario, perderá jurisdicción sobre el caso.

## I

Los esforzados miembros de la Policía de Puerto Rico son seres humanos que, como tales, incurren a diario en conducta que da lugar a que los demás ciudadanos de este País se querellen contra ellos; en ocasiones, con razón, y en otras sencillamente por razón de que los ciudadanos resienten la *correcta* actuación de dichos agentes del orden público. El Superintendente, naturalmente, viene en la obligación de investigar todas y cada una de dichas querellas —las cuales son obviamente numerosas— independientemente de cuán fundamentadas o frívolas sean las mismas.

Exigirle al Superintendente la obligación de tener que investigar, y resolver, las miles de querellas a esos efectos en el término de seis (6) meses, sería algo absurdo e ilógico por cuanto tendría que destacar personal adicional ilimitado para realizar dichas investigaciones; personal que se necesita en otras áreas. Esto es, el Superintendente de la Policía no puede estar sujeto a la "camisa de fuerza" que dicho requisito representa.

Ahora bien, conforme surge de la propia opinión mayoritaria, el Superintendente de la Policía está facultado, por el Art. 14(e) de la Ley Núm. 26 de 22 de agosto de 1974, "para *suspender temporalmente*, de empleo y sueldo, a cualquier miembro de la Fuerza *mientras se practica cualquier investigación* que se ordenare *relativa a incompetencia, mala conducta o crimen* de que se *acuse* a dicho miembro de la Fuerza". (Énfasis suplido.) 25 L.P.R.A. sec. 1014(e).

Esto es, el Superintendente, luego de recibir una queja sobre un miembro de la fuerza policiaca, tiene *dos* (2) alternativas o cursos de acción, a saber: (1) ordenar la investigación correspondiente, permitiendo que el agente conti-

núe en su trabajo, o (2) puede *suspenderlo* de empleo y sueldo, y ordenar la investigación.

En el primero de los casos *no* hay razón alguna para exigirle al Superintendente término alguno definido para que realice su investigación; ello por razón de que *meramente* está investigando y el agente del orden público continúa trabajando y recibiendo su sueldo. Esto es, *no* ha habido determinación alguna del Superintendente que afecte adversamente al miembro de la Fuerza.

En el segundo de los casos, la situación es completamente distinta. Al ordenar la suspensión de empleo y sueldo, el Superintendente efectivamente ha tomado una determinación que afecta, de manera adversa, al miembro de la Fuerza. Dicha determinación, a nuestra manera de ver las cosas, constituye, cuando menos, una "*adjudicación preliminar*" por parte del Superintendente, *la cual necesariamente tiene que estar sujeta a un límite de tiempo, sea éste cual fuese.*

Esto es, sería *completamente injusto* con los miembros de la fuerza policiaca que se le permita al Superintendente suspender de empleo y sueldo a un agente y, en adición, concederle al Superintendente todo el tiempo que éste entienda necesario para realizar la investigación correspondiente. Es por ello que disentimos.